IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROGER LEE LOCKAMY,           )
                             )
     Petitioner,             )
                             )
     v.                      )      1:14CR96-1
                             )      1:16CV327
UNITED STATES OF AMERICA,    )
                             )
     Respondent.             )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Court (per Chief United States District Judge William L. Osteen, Jr.) entered a Judgment against Petitioner imposing, inter alia, a prison term of 180 months, as a result of his guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and the Court's determination that, in light of Petitioner's prior record, the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), applied. (Docket Entry 29.)[1] The United States Court of Appeals for the Fourth Circuit affirmed and the United States Supreme Court declined further review. United States v. Lockamy, 613 F. App'x 227 (4th Cir. 2015), cert. denied, ___ U.S. ___, 136 S. Ct. 852 (2016). The Fourth Circuit's foregoing ruling expressly deemed Petitioner's "conten[tion] that his prior North Carolina convictions for breaking and entering do not qualify as predicate felony offenses under the Armed Career Criminal Act . . .

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.

foreclosed by [Fourth Circuit] precedent." Id. at 228 (citing United States v. Mungro, 754 F.3d 267 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 734 (2014), and United States v. Kerr, 737 F.3d 33 (4th Cir. 2013)).[2]

Petitioner thereafter timely filed a pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 39), in which he raised the inter-related claims that (1) his "[s]entence [wa]s unconstitutionally vague under the residual clause" (id., § 12(Ground One); see also id., § 12(Ground One)(a) ("I should not have been given an enhancement for my predicates and criminal history.")),[3] and (2) the "[s]entence imposed [wa]s beyond the maximum now allowed by law" (id., § 12(Ground Two); see also id., § 12(Ground Two)(a) ("My

---

[2] In particular, the Lockamy Court singled out Mungro's holding "'that N.C. Gen. Stat. § 14[-]54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary.'" Lockamy, 613 F. App'x at 228 (quoting (within parenthetical) Mungro, 754 F.3d at 272). The Lockamy Court's reference to Kerr, in turn, reflected a recognition that Petitioner's North Carolina breaking and entering convictions constituted felonies (for purposes of federal law), regardless of the sentences he actually received, given the status of those offenses as Class H felonies under North Carolina law and his possession of a prior record level of IV under North Carolina law, such that he presumptively faced a maximum prison term of 14 months in connection with each such prior conviction. See Lockamy, 613 F. App'x at 228 (citing Kerr, 737 F.3d at 38-39 & n.8).

[3] The hand-written portions of Petitioner's Section 2255 Motion do not follow standard capitalization conventions, but (for ease of reading) this Recommendation utilizes such conventions when quoting that textual material.

sentence should be reduced due to new rule of law.")). The Court appointed counsel to assist Petitioner in obtaining any relief available under Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015). (Docket Entry 41.)

Shortly, the United States responded to Petitioner's Section 2255 Motion, noting that his four breaking and entering convictions in violation of N.C. Gen. Stat. § 14-54(a), each constituting a "burglary" (an enumerated "violent felony" under Section 924(e)(1)), with a different offense date, supported his sentencing as an Armed Career Criminal, notwithstanding Johnson's invalidation of the "residual clause" in Section 924(e)(1)'s definition of "violent felony." (See Docket Entry 42 at 5-6 (citing Docket Entries 42-3, 42-4, and 42-5); see also Docket Entry 20, ¶¶ 20, 35, 38, 39.) Petitioner's counsel subsequently gave notice that he could not refute that showing by the United States, "after a conscientious review of the matter, including all relevant pleadings, Petitioner's prior criminal record, and the applicable law, including the United States Supreme Court's most recent decision regarding the meaning of the term 'burglary,' as used in the enumerated offense clause of the Armed Career Criminal Act, that is, Mathis v. United States, [___ U.S. ___, 136 S. Ct. 2243] ([]2016)." (Docket Entry 44 at 1.) Petitioner nonetheless filed (pro se) a document entitled "Supplemental Authority in Support"

3

(Docket Entry 45), contending in conclusory fashion that Mathis entitled him to relief (see id. at 1-2).

The Court should reject Petitioner's Section 2255 Motion. As the Fourth Circuit concluded in Petitioner's direct appeal, controlling authority (i.e., Mungro) establishes that his North Carolina breaking and entering convictions represent proper predicates under the Armed Career Criminal Act. Moreover, the Fourth Circuit recently has declared "that *Johnson* would entitle [a petitioner] to no relief because [his] prior conviction for breaking and entering under North Carolina law constitutes burglary and thus was unaffected by *Johnson*." United States v. Bolden, 645 F. App'x 282, 283 (4th Cir. 2016) (citing Mungro and United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009)); see also Harris v. United States, Nos. 1:10CR289-1, 1:13CV232, slip op., at 6-7 (M.D.N.C. Nov. 24, 2015) (Peake, M.J.) ("[The p]etitioner's criminal history includes at least three convictions under North Carolina law for felony breaking and entering committed on different occasions. Thus, Johnson would not affect the determination of [the p]etitioner's case, even if his claim [wa]s considered on the merits." (internal citation omitted)), recommendation adopted, slip op. (M.D.N.C. Dec. 30, 2015) (Schroeder, J.), appeal dismissed, No. 16-6106, 2016 WL 3524785 (4th Cir. June 28, 2016) (unpublished) (stating in an unnumbered footnote: "[T]he district court's dispositive conclusion – that

4

our decision in []Mungro[] foreclosed [the petitioner's] argument that the Supreme Court's holding in Johnson[] invalidated his armed career criminal designation – is not debateable."); United States v. Logan, Nos. 1:09CR12-1, 1:12CV699, 2015 WL 5098613, at *1 (M.D.N.C. July 28, 2015) (unpublished) (Peake, M.J.) ("[The p]etitioner's status as an Armed Career Criminal is supported by numerous convictions for breaking and entering . . . . [The petitioner] now attempts to raise a further challenge to his sentence based on the recent decision of the United States Supreme Court in []*Johnson*[]. . . . However, the Court of Appeals for the Fourth Circuit has held that North Carolina breaking and entering convictions are violent felonies not under the residual clause, but instead because they are categorically within the enumerated offense of burglary. . . . As such, [the p]etitioner's [m]otion to [a]mend should be denied."), recommendation adopted, 2015 WL 5104624 (M.D.N.C. Aug. 31, 2015) (unpublished) (Osteen, C.J.), appeal dismissed, 633 F. App'x 155 (4th Cir. 2016).

Nor does Mathis call for a different result. "[T]he elements of Mathis's crime of conviction (Iowa burglary) cover[ed] a greater swath of conduct than the elements of the relevant [Armed Career Criminal Act] offense (generic burglary)." Mathis, ___ U.S. at ___, 136 S. Ct. at 2251. Specifically, the Iowa burglary statute exceeded the bounds of generic burglary because it defined a "'premises' [to] include 'a house, a building, a car, or a boat.'"

5

our decision in []Mungro[] foreclosed [the petitioner's] argument that the Supreme Court's holding in Johnson[] invalidated his armed career criminal designation – is not debateable."); United States v. Logan, Nos. 1:09CR12-1, 1:12CV699, 2015 WL 5098613, at *1 (M.D.N.C. July 28, 2015) (unpublished) (Peake, M.J.) ("[The p]etitioner's status as an Armed Career Criminal is supported by numerous convictions for breaking and entering . . . . [The petitioner] now attempts to raise a further challenge to his sentence based on the recent decision of the United States Supreme Court in []*Johnson*[]. . . . However, the Court of Appeals for the Fourth Circuit has held that North Carolina breaking and entering convictions are violent felonies not under the residual clause, but instead because they are categorically within the enumerated offense of burglary. . . . As such, [the p]etitioner's [m]otion to [a]mend should be denied."), recommendation adopted, 2015 WL 5104624 (M.D.N.C. Aug. 31, 2015) (unpublished) (Osteen, C.J.), appeal dismissed, 633 F. App'x 155 (4th Cir. 2016).

Nor does Mathis call for a different result. "[T]he elements of Mathis's crime of conviction (Iowa burglary) cover[ed] a greater swath of conduct than the elements of the relevant [Armed Career Criminal Act] offense (generic burglary)." Mathis, ___ U.S. at ___, 136 S. Ct. at 2251. Specifically, the Iowa burglary statute exceeded the bounds of generic burglary because it defined a "'premises' [to] include 'a house, a building, a car, or a boat.'"

5

Id. at ___, 136 S. Ct. at 2255. In contrast, North Carolina's breaking and entering statute does not extend beyond buildings. See United States v. Bowden, 975 F.2d 1080, 1084 (4th Cir. 1992) (holding that N.C. Gen. Stat. § 14-54(a) meets the "definition of generic burglary insofar as it requires that the crime be directed against a building"); see also Mungro, 754 F.3d at 272 (ruling "that N.C. Gen. Stat. § 14-54(a) . . . sweeps no more broadly than the generic elements of burglary"). As a result, Petitioner's convictions for breaking and entering under North Carolina law remain proper Armed Career Criminal Act predicates. See generally Sutton v. Quintana, No. 5:16-274-KKC, 2016 WL 4595213, at *4 (E.D. Ky. Sept. 2, 2016) (unpublished) ("Like [the petitioner's] claim under *Johnson*, his claim under *Mathis* is misplaced because under established Eighth Circuit law, his prior conviction for Second Degree Burglary under Mo. Rev. Stat. § 569.170 qualified as a violent felony under the categorical approach . . . ."); United States v. Jones, Crim. No. 04-362(JRT/RLE), 2016 WL 4186929, at *3 n.2 (D. Minn. Aug. 8, 2016) (unpublished) ("Wisconsin's [burglary] statute is not like the indivisible statute at issue in *Mathis v. United States*, where Iowa prohibited the burglary of an 'occupied structure,' and then defined the 'occupied structure' element as covering a wide swath of places and objects.").

In sum, the claims in Petitioner's Section 2255 Motion fail as a matter of law.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 39) be denied without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
September 30, 2016

7

Case 1:14-cr-00096-WO   Document 47   Filed 09/30/16   Page 7 of 7